UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JACKSON,

        Petitioner,

                                                            Civil Action No. 2:08-13269
v.                                                        Honorable Patrick J. Duggan

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on  April 28, 2009.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

Petitioner Steven Jackson ("Petitioner"), a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his January 2006 conviction following a bench trial in the Circuit Court for Wayne County, Michigan, of the following offenses: malicious destruction of property valued at $1,000 or more but less than $20,000, in violation of Michigan Compiled Laws Section 750.380(3)(a); entry without owner's permission, in violation of Michigan Compiled Laws Section 750.115(1); and being a fourth felony habitual offender, in violation of Michigan Compiled Laws Section 769.12.  For the reasons stated below, the Court denies the petition for habeas relief.

## I. Background

The Michigan Court of Appeals set forth the facts relevant to Petitioner's conviction as follows:

> A witness testified that she was awakened by a man yelling for help outside the house. She looked out the window and saw defendant walking at a quick pace. Defendant came to the porch of the home, kicked the porch railing and broke it away from its footings, and then backed up and charged at a window. Defendant broke through the window and entered the house. Another witness indicated that defendant stated that he had been shot. The owner of the home testified that defendant broke a porch railing, kicked a hole in a step, and broke a window. The expenses not covered by insurance totaled more than $2,000.

*People v. Jackson,* No. 268411, at *1 (Mich. Ct. App. Mar. 27, 2007) (unpublished opinion). These facts are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1); *see also Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006).

Petitioner initially was charged with first-degree home invasion in violation of Michigan Compiled Laws Section 750.110a(2) and malicious destruction of property. On January 11, 2006, the trial court found Petitioner guilty of malicious destruction of property but acquitted Petitioner of the first-degree home invasion charge on the ground that no evidence showed that Petitioner entered the home with the intent to commit a felony. The trial court convicted Petitioner of the lesser included offense of entry without owner's permission. On January 25, 2006, the trial court sentenced Petitioner to a prison term of three to fifteen years for the malicious destruction of property conviction and ninety days for the entry without owner's permission conviction.

Petitioner filed a direct appeal, contending that there was insufficient evidence to support the trial court's verdict and that the court's verdict was inconsistent. Petitioner argued that it was inconsistent for the trial court to acquit him of the first-degree home invasion charge on the ground that there was no evidence that he intended to commit a felony when he entered the home and to convict him of malicious destruction of property on the ground that he committed a felony by breaking the window of the home. On March 27, 2007, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Jackson*, No. 268411 (Mich. Ct. App. Mar. 27, 2007).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court. On July 30, 2007, the Court denied Petitioner leave to appeal. *People v. Jackson*, 479 Mich. 866, 735 N.W.2d 277 (2007).

Petitioner filed the pending habeas corpus petition on July 30, 2008. Petitioner raises the following ground in support of his request for relief:

> Mr. Jackson was denied his federal constitutional right to due process of law when he was convicted of the offense of malicious destruction of property $1000.00 or more but less than $20,000.00, where insufficient evidence was presented to support the conviction, and the trial court rendered an inconsistent verdict.

Respondent filed an answer to the petition on February 3, 2009.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is applicable to Petitioner's request for habeas relief, provides in relevant part:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523.

### III. Applicable Law and Analysis

Petitioner first contends that there was insufficient evidence to convict him of malicious destruction of property.  A habeas court reviews a claim that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).  The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F. 3d 594, 617 (6th Cir. 2002).  Moreover, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Jackson*, 443 U.S. at 324 n. 16, 99 S. Ct. at 2792 n. 16.  "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim."  *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).  The *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins,* 968 F.2d 465, 467 (5th Cir. 1992).

To be convicted of malicious destruction of property under Michigan law, there must be evidence that the defendant intended to injure or destroy the property in question. *People v. Culp*, 108 Mich. App 452, 458, 310 N.W.2d 421 (1981).  A defendant's intent may be inferred from all the facts and circumstances.  *People v. Lugo*, 214 Mich. App 699, 709, 542 N.W.2d 921 (1995); *People v. Nelson*, 234 Mich. App 454, 459, 594 N.W.2d 114 (1999).

In rejecting Petitioner's insufficiency of the evidence claim, the Michigan Court of

Appeals reasoned:

> The charge of malicious destruction of property was based on defendant's acts of kicking the porch railing until it came loose from its fittings, and crashing through the window. The testimony provided by the witnesses supported a finding that defendant kicked the railing and broke the window. The facts and circumstances surrounding the incident, including the facts that defendant kicked the railing until it came loose from its fittings and then backed up and charged the window, supported an inference that defendant intended to damage the property. . . . . This intent is the only intent necessary to commit the offense of malicious destruction of property. Thus, defendant's conviction of malicious destruction of property was supported by sufficient evidence.

*Jackson,* Slip. Op. at * 2-3 (internal citations omitted). The Michigan Court of Appeals' conclusion is supported by the record and is objectively reasonable. Consequently, the state court's decision was not an unreasonable application of *Jackson.* Petitioner therefore has no right to habeas relief on the basis of his claim.

With respect to Petitioner's claim that the trial court's verdict was inconsistent, such a claim is an insufficient reason for granting habeas relief. *See Harris v. Rivera,* 454 U.S. 339, 345, 102 S. Ct. 460, 464 (1981). This rule applies to an inconsistent verdict rendered by a jury, as well as by a judge sitting as a trier of fact. *United States v. Chilingirian,* 280 F. 3d 704, 711 (6th Cir. 2002). Petitioner's claim that the trial court's verdict is inconsistent therefore is not cognizable on federal habeas review. In any event, the trial court's verdict was not inconsistent.

### IV. Conclusion

For the reasons stated above, the Court concludes that the Michigan courts'

adjudication of Petitioner's claims did not result in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts in light of the evidence presented." Petitioner therefore is not entitled to habeas relief.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**.

        s/PATRICK J. DUGGAN
        UNITED STATES DISTRICT COURT JUDGE

Copies to:
Steven Jackson, #172508
Boyer Road Correctional Facility
10274 Boyer Road
Carson City, MI 48811

Steven Jackson, #172508
Charles Egeler Reception and Guidance Center
3855 Cooper Street
Jackson, MI 49201

Debra M. Gagliardi, Esq.